UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 18-cv-12575-ADB |
| MINDY HULL, Chief Medical Examiner, | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Robert Williams brings this action under 42 U.S.C. § 1983 ("§ 1983") in which he asks that the Court order the Commonwealth's Chief Medical Examiner, Mindy Hull, to amend the death certificate of the person of whose death Williams was convicted. Williams has paid the filing fee. For the reasons set forth below, the Court will direct the plaintiff to show cause why this action should not be dismissed.

I. BACKGROUND

Williams is serving a prison sentence for the 1981 murder of Donald Roberts. *See Commonwealth v. Williams*, 503 N.E.2d 1 (Mass. 1987).[1] According to evidence at trial, Williams and another defendant stabbed Roberts during the robbery of a package store in Lowell, Massachusetts on March 4, 1981. *See id.* at 3. The next day, the victim lost consciousness while in the hospital. *See id.* He remained unconscious until he died two weeks later. *Id.* During the January 1982 criminal trial, the medical examiner testified that Roberts died as a result of multiple stab wounds that perforated the brain. *Id.* The same cause of death

---

[1] The Court takes judicial notice of *Commonwealth v. Williams*, 503 N.E.2d 1 (Mass. 1987).

appeared on the death certificate, which is dated March 23, 1981.  *Id.*; Compl. Exs. [ECF No. 1-2] at 2.

In the present complaint, Williams maintains that "evidence will overwhelmingly establish that the death certificate is incorrect, in that it states that the victim died from stab wounds to the skull and brain."  Compl. [ECF No. 1] ¶ 1.  He represents that said evidence establishes that Roberts died because of the gross negligence of physicians who treated Roberts at the hospital after the assault and robbery.  *See id.* ¶ 10. Williams attaches to the complaint affidavits, notes, and other documents by doctors and other medical providers who concluded that Roberts' immediate cause of death was oxygen deprivation caused by the malpractice of physicians treating the victim's wounds.  *See* Compl. Exs.

Williams asks that the Court "afford" the Commonwealth's Chief Medical Examiner "an opportunity to amend the cause of death on the death certificate of Donald E. Roberts."  Compl. at 11.  Williams further requests that "[i]f that does not occur," the Court order the defendant "to amend the death certificate to include the true cause of death . . . that Donald E. Roberts died from severe hypoxia and cardiac arrest."  *Id.*

I. **DISCUSSION**

Under federal law, the Court is obligated to conduct a preliminary review of a complaint filed by a prisoner who "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court may dismiss the compliant *sua sponte* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Here, Williams' complaint is subject to dismissal because it fails to state a claim upon which relief may be granted.  Section 1983 provides a private right of action against a person

acting under state law who has deprived the plaintiff of a right secured by federal law. *See* 42 U.S.C. § 1983. Williams invokes the Fourteenth Amendment to the United States Constitution. Compl. ¶ 27. The Court assumes that Williams is referring to the Due Process Clause of the Fourteenth Amendment. This guarantee of due process "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Williams has not alleged facts supporting that he has a life, liberty, or property interest in the amendment of Roberts' death certificate. Williams argues that the Fourteenth Amendment "guarantees Robert Williams, Jr., and all others, that all death certificates must be correct and list the correct cause of death predicated upon the correct medical reporting and that the result must be articulated and based upon correct medical testing and results." Compl. ¶ 27. However, the cases he cites in support of this conclusion merely illustrate that a death certificate can be amended in appropriate circumstances. They do not hold that all individuals have a protected interest in the death certificates of others.

Further, the Court does not discern any basis for concluding that Williams has a protected interest in the amendment of Roberts' death certificate in particular. The fact that the death certificate identifies a stab wound as the cause of death does not interfere with Williams' ability to raise, in the appropriate proceeding, evidence of the physicians' malpractice. Williams' widow, who sued the treating physicians for malpractice in September 1981, was apparently successful in obtaining a favorable ruling from the medical malpractice tribunal, notwithstanding that the death certificate identified a stab wound to the head as the cause of death. *See Williams*, 503 N.E.2d at 3–4.

In addition, amendment of the death certificate to include only the immediate cause of Roberts' death would not absolve Williams of criminal liability. In upholding the denial of Williams' motion for a new trial to include evidence of the medical malpractice lawsuit, the Supreme Judicial Court concluded that "a jury would not be warranted in considering evidence that the victim's wounds were negligently treated unless there also was evidence that that treatment was the only cause of the victim's death." *Id.* at 4; *see also id.* ("We have said that '[i]f a person inflicts a wound with a deadly weapon in such manner as to put life in jeopardy, and death follows as a consequence of this felonious and wicked act, it does not alter its nature or diminish its criminality to prove that other causes cooperated in producing the fatal result.'") (alteration in original) (quoting *Commonwealth v. Fernette*, 500 N.E.2d 1290, 1296 (Mass. 1986)).[2]

### III. CONCLUSION

In accordance with the foregoing, the Court hereby orders:

(1) Williams must show cause, within forty-two (42) days of the date of this order, why this action should not be dismissed for failure to state a claim upon which relief may be granted. Failure to comply with this order may result in dismissal of this action.

(2) The motion for pro bono representation [ECF No. 9] is <u>DENIED</u>.

---

[2] It is unclear whether Williams is taking the position that death certificate falsely states that Roberts received a stab wound to the head, or simply that it was the medical malpractice, not the stab wound to the head, that caused Roberts' death. *See* Compl. ¶¶ 1, 16, 19. To the extent Roberts' theory is the former, the evidence he has submitted belies that position. Even assuming that the newly-digitized x-ray of the victim he submitted does not show a stab wound to the head, *see id.* ¶¶ 9, 17, the materials from the malpractice case he filed with the complaint indicate that the surgery during which the malpractice occurred was undertaken to address internal bleeding caused by the stab wound to the head. *See, e.g.*, Compl. Exs. at 5, 30-31.

4

(3) The motion to serve defendant Mindy Hull by certified mail is <u>DENIED</u> [ECF No. 10] because that method of service is not authorized by Rule 4 of the Federal Rules of Civil Procedure.

(4) The motion to be supplied with summons [ECF No. 11] is <u>DENIED</u>.

(5) The motion for an extension of time to complete service [ECF No. 13] is <u>DENIED</u> as unnecessary because a summons has not issued pending the Court's preliminary review of the action. If the Court later orders that a summons issue, Williams will be afforded adequate time to complete service.

**SO ORDERED.**

April 18, 2019                                              /s/ Allison D. Burroughs
                                                                           ALLISON D. BURROUGHS
                                                                           DISTRICT JUDGE