UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WILLIAMS, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 18-cv-12575-ADB |
| MINDY HULL, Chief Medical Examiner, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER ON PLAINTIFF'S RULE 59 MOTION**

BURROUGHS, D.J.

In this *pro se* action, plaintiff Robert Williams sought to amend the death certificate of the person of whose death he was convicted. [ECF No. 14]. The Court ordered Williams to show cause as to why the case should not be dismissed, and following review of his timely submission, the Court ordered that the action be dismissed for failure to state a claim upon which relief may be granted. [ECF Nos. 16, 17]. Currently pending before the Court is Williams' motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59. [ECF No. 19]. For the reasons set forth below, Williams' motion to alter or amend the judgment [ECF No. 19] is DENIED.

**I.   BACKGROUND**

Williams is currently serving a prison sentence for the 1981 murder of Donald Roberts. See Commonwealth v. Williams, 503 N.E.2d 1 (Mass. 1987).[1] According to evidence at trial, Williams and another defendant stabbed Roberts during the robbery of a package store in Lowell, MA on March 4, 1981. Id. at 60. The next day, the victim lost consciousness while in

---

[1] The Court takes judicial notice of Commonwealth v. Williams, 503 N.E.2d 1 (Mass. 1987).

the hospital, where he remained unconscious until he died two weeks later. Id. at 62. During the January 1982 criminal trial, the medical examiner testified that Roberts died as the result of multiple stab wounds that perforated the brain. Id. The same cause of death appeared on the death certificate, which is dated March 23, 1981. See id.; [ECF No. 1-2 ("Compl. Exs.") at 2].

On December 13, 2018, Williams filed a complaint pursuant to 42 U.S.C. § 1983 against Mindy Hull, the Commonwealth's Chief Medical Examiner, asking that the Court "afford" her "an opportunity to amend the cause of death on the death certificate of Donald E. Roberts." [ECF No. 1 ("Compl.") at 10–11]. In the alternative, Williams requested that the Court order Hull "to amend the death certificate to include the true cause of death . . . that Donald E. Roberts died from severe hypoxia and cardiac arrest." [Id. at 11].

In the complaint, Williams maintains that the "evidence will overwhelmingly establish that the death certificate is incorrect, in that it states that the victim died from stab wounds to the skull and brain." [Id. ¶ 1]. He represents that the evidence establishes that Roberts died because of the gross negligence of physicians who treated Roberts at the hospital after the assault and robbery and attaches to the complaint affidavits, notes, and other documents from doctors and other medical providers who had concluded that Roberts' immediate cause of death was oxygen deprivation caused by the malpractice of physicians treating his wounds. [Id. ¶ 10; Compl. Exs.]. Also attached to the complaint is a "newly-digitized x-ray of the victim" that Williams represented does not show a stab wound to the head. See [id. ¶ 9 ("Robert Williams, Jr. now has control of a digitized X-ray."); ECF No. 14 at 4 n.2 (discussing x-ray evidence)].

On April 18, 2019, the Court issued a memorandum and order in which it directed Williams to "show cause, within forty-two (42) days of the date of this order, why this action should not be dismissed for failure to state a claim upon which relief may be granted." [ECF No.

14 at 4]. In its memorandum and order, the Court explained that Williams had failed to state a claim under § 1983 based on an alleged violation of his federal due process rights because the complaint did not "allege[] facts supporting that [Williams] has a life, liberty, or property interest in the amendment of Roberts' death certificate." [Id. at 2–3]. The Court also noted that even if Williams had a protected interest in amending Roberts' death certificate, doing so would not absolve Williams of criminal liability for Roberts' death. [Id. at 4].

On May 13, 2019, Williams responded to the Court's order to show cause. [ECF No. 16]. His response reprises his argument that the "digitized x-ray establishes that [Roberts] did not die from a stab wound to the skull and brain," as listed on the death certificate. [Id. at 3]. He further argues that the complaint states a claim under § 1983 because it describes the denial of his federal due process rights based the Commonwealth's introduction of "false testimony and a false death certificate at his trial." [Id. at 5–6]. He states that he "understands that this court correctly holds that all individuals do not have a protected interest in the death certificates of others," but asserts that his situation is unique and that he does have a protected liberty interest in Roberts' death certificate. [Id. at 6–7].

On July 26, 2019, the Court dismissed the complaint. [ECF No. 17]. The Court rejected Williams' argument that, because the x-ray did not show evidence of a stab wound, Roberts could not have been stabbed. [Id. at 2–4]. The Court further reiterated its conclusion from the April 18, 2019 order that Williams had not asserted a viable claim under § 1983. [Id. at 5]. On August 26, 2019, Williams filed the instant motion to alter or amend the Court's judgment pursuant to Rule 59. [ECF No. 19].

3

## II. DISCUSSION

Rule 59(e) permits a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.[2] Fed. R. Civ. P. 59(e). Under Rule 59(e), "relief is granted sparingly, and only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations," such as to prevent manifest injustice. Fleming v. Fid. Mgmt. Tr. Co., No. 16-cv-10918-ADB, 2018 WL 2089354, at *3 (D. Mass. May 3, 2018) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)). Here, Williams has not shown that relief pursuant to Rule 59(e) should be granted because the two arguments he presents do not demonstrate newly discovered evidence, a manifest error of law, or that reversal of the Court's judgment is required to prevent manifest injustice.

First, Williams articulates two points that he claims the Court misunderstood. He argues that "[t]he court has misunderstood and misapprehended the allegation concerning [the] evidentiary value of the x-ray image." [ECF No. 19 at 4–6]. He also contends that "the court misunderstood the body of the affidavit and the notes of Dr. Cullen." [Id. at 6–8]. The Court stands by its interpretation of Williams' prior evidentiary submissions. Had the Court erred in the ways Williams described, however, it would not be a basis to alter or amend the Court's

---

[2] Williams' motion was entered on the docket on August 26, 2019, but was dated August 19, 2019. See [ECF No. 19]. Applying the prison mailbox rule, which applies to *pro se* prisoner plaintiffs, the Court accepts August 19, 2019 as the date on which the motion was signed and mailed and finds the motion timely under Rule 59(e). See Ward v. Bellotti, No. 13-cv-12054-DJC, 2014 WL 4656593, at *3 (D. Mass. Sept. 15, 2014) ("The prison mailbox rule provides that a *pro se* prisoner's pleadings are deemed filed on the date on which they are submitted to prison authorities for mailing to the court with which they are to be filed." (citing Houston v. Lack, 487 U.S. 266, 270–76 (1988))); Herbert v. Dickhaut, 724 F. Supp. 2d 132, 136 (D. Mass. 2010) (noting that if prison does not record receipt of legal mail, then court "may rely on other evidence to establish whether and when a filing was actually mailed"); see also Francisco v. United States, No. 04-cr-00100-ML, 2010 WL 1813790, at *2 n.4 (D.R.I. May 5, 2010) (adopting date that defendant's Rule 60(b) motion was signed and mailed as date of filing pursuant to prison mailbox rule).

judgment because the Court's interpretation of this evidence does not impact its legal conclusion that Williams did not have a protected constitutional liberty interest in amendment of Roberts' death certificate. See [ECF No. 14 at 2–3].

Second, Williams raises a novel due process argument unrelated to amendment of Roberts' death certificate. He argues that he has a due process right in having a court hear "new and reliable evidence . . . not presented at trial" and that if evidence of the x-ray film were presented at trial, "it is less likely that any reasonable juror would convict [Williams] for inflicting a stab wound to the skull and brain . . . ." [ECF No. 19 at 8–9]. This argument does not present grounds to alter or amend the existing judgment concerning the relief sought by Williams in his complaint, which was amendment of Roberts' death certificate, and the legal question of whether he has a due process right in amending the death certificate.

## III. CONCLUSION

Accordingly, Williams' motion to alter or amend the judgment [ECF No. 19] is <u>DENIED</u>.

**SO ORDERED.**

September 24, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE